## Girard Trust Company, Trustee, v. David et al.

*Wintersteen & Williams*, for plaintiff.

*I. Irving Tubis, Thomas P. Mikell,* and *Townsend, Elliott & Munson,* for defendants.

ALESSANDRONI, J., December 9, 1940.—This is an action in assumpsit to recover the sum of $31,787.49, with interest, which plaintiff as owner of a first mortgage paid to the City of Philadelphia for city and school taxes assessed against premises 1729 Allegheny Avenue in the City of Philadelphia for the years 1934 to 1938, inclusive. Title to the premises was registered in the names of defendants as trustees for the former six percent second mortgage bondholders of the Cresson-Morris Com-

pany, formerly George V. Cresson Company. Plaintiff avers that the net income received by defendants as trustees was $20,999.88.

Defendants assert in their affidavit of defense raising questions of law that a cause of action is not alleged since defendants were sued as individuals, whereas the statement of claim discloses that title was registered in their names as trustees during the time the taxes in question accrued.

The question involved, therefore, is whether individuals who hold title to real estate as trustees upon which taxes are assessed by the municipality against them as trustees can be sued individually by a mortgagee in possession who has been subrogated to the rights of the municipality upon the payment of the taxes which the registered owners failed to pay. This is a question of first impression in this Commonwealth, although closely associated problems have been decided.

The leading case on the subject is Pennsylvania Co., etc., Trustee, v. Bergson, 307 Pa. 44. In that case one who held title to real estate as an individual was liable for taxes paid by the mortgagee even though in fact he held title as dry trustee for other persons. The liability of a registered owner to a mortgagee who is compelled to pay taxes is an outgrowth of the rule that the owner of land is personally liable for taxes assessed thereon while he is the owner. The liability attaches to the registered owner because he holds himself out to the world through public records as the owner, and he is not relieved of that liability even though he is a dry trustee for the real owner.

Defendant argues, therefore, that if a registered owner against whom taxes are assessed may not avoid liability by proof that he is in fact a trustee for another, the converse must be equally true, to wit, that taxes assessed against one as trustee may not be collected from him in his individual capacity. In substance the converse is

true. One in whose name title to real estate is registered as trustee, however, is suable in his individual capacity, even though judgment cannot be recovered against him in excess of the value of the trust estate.

The rule is succinctly stated in the A. L. I. Restatement of Trusts, vol. 2, §265, wherein it is stated:

"The trustee as holder of the title to the trust property is subject to personal liability to third persons, at least to the extent to which the trust estate is sufficient to indemnify him."

In a caveat to this rule it is stated that it is not intended to express any opinion on whether the trustee is personally liable as the holder of title to trust property where the trust estate is insufficient to indemnify him and where the trustee was in no way at fault in incurring the liability and was not responsible for the insufficiency of the estate. Under the common law a trustee in his relationships with third persons is normally subject to the same liability as though he held the property free of trust.

The discussion contained in Scott on Trusts, sec. 265, indicates that the draftsmen of the Restatement carefully considered the common-law conception of a trustee as owner of property and the attendant liability, and concluded upon the established precedent as well as the equity in the matter and the necessities of our modern financial development that the liability should be qualified by the extent to which the trust estate is sufficient to indemnify the trustee.

The affidavit of defense raising questions of law must be dismissed since defendants may be sued in their individual capacity, but it is incumbent upon plaintiff in order to obtain a judgment to prove that there are assets in the trust estate and the amount of that judgment will depend upon the extent of those assets.

And now, to wit, December 9, 1940, the affidavit of defense raising questions of law is dismissed.